IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| PRINCE MCCOY, SR. #852958 | § | |
| VS. | § | CIVIL ACTION NO. 1:20-cv-484 |
| EDWARD DELONE, ET AL. | § | |

MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiff's Motion to Amend Complaint. (Doc. #68.) Also pending before the court are the Defendants' Motions to Strike Plaintiff's Motion to Amend Complaint. (Docs. #71, 74, and 76.)

FED. R. CIV. P. 15(a) provides in pertinent part:

(1) *Amending as a Matter of Course.* A party may amend the party's pleading once as a matter of course within:

  (A) 21 days after serving it, or

  (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

(3) *Time to Respond.* Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

The Defendants assert that Plaintiff's Motion to Amend should be stricken for failing to comply with the court's instructions to address the defense of qualified immunity asserted by the parties in this lawsuit. Additionally, the Defendants assert Plaintiff's Amended Complaint is untimely.

Plaintiff has previously amended his Complaint in this action. Thus, Plaintiff may not amend his Complaint without leave of court. Additionally, on May 24, 2022, Plaintiff was ordered to file an amended pleading setting forth specific facts supporting his claims and replying to the

Defendants' defense of qualified immunity. Plaintiff, however, failed to timely comply with the court's Order. Further, Plaintiff's Amended Complaint is not tailored to respond only to the Defendants' asserted defense of qualified immunity, but also attempts to add new defendants not previously named in this lawsuit.

Plaintiff is proceeding *pro se* in this case. Accordingly, the delay in submitting his Amended Complaint will be allowed this time. However, it is not in the interests of justice to allow Plaintiff to amend his pleadings to add new defendants. Further, Plaintiff waited more than two years after the Complaint was filed to attempt to add the new Defendants. Thus, the claims against such Defendants would be barred by the two-year limitations period applicable to the civil rights claims. *Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990); *Burrell v. Newsome*, 883 F.2d 416, 419 (5th Cir. 1989). Before determining whether the statute of limitations would bar any claim by Plaintiff, however, the court must consider whether FED. R. CIV. P. 15(c) applies to cause Plaintiff's claims to "relate back" to when he filed his original complaint.

Rule 15(c) provides as follows:

(1) ***When an Amendment Relates Back.*** An amendment of a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment;

  (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

  (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Plaintiff has failed to show that the proposed new parties received notice within the limitations period nor has he shown that they knew or should have known that the action would have been brought against them but for a mistake occurring. Therefore, Plaintiff's claims against such Defendants are barred by limitations. Accordingly, Plaintiff's Motion to Amend should be denied to the extent he attempts to add new Defendants, and the Defendants' Motions to Strike should be granted to that extent.

<u>Conclusion</u>

For the reasons set forth above, Plaintiff's Motion to Amend Complaint should be denied to the extent he seeks to add new Defendants. Accordingly, the Defendants' Motions to Strike Plaintiff's Amended Complaint should be granted to the extent Plaintiff seeks to add new defendants. It is therefore

**ORDERED** that Plaintiff's Motion to Amend Complaint (doc. #68) is **DENIED** to the extent Plaintiff seeks to add new Defendants and **GRANTED** in all other respects. It is further

**ORDERED** that the Defendants' Motions to Strike Plaintiff's Amended Complaint (docs. # 71, 74, and 76) are **GRANTED** to the extent Plaintiff seeks to add new Defendants and **DENIED** in all other respects.

**SIGNED this the 22nd day of February, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE