IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| PRINCE MCCOY, SR. #852958 | § | |
| VS. | § | CIVIL ACTION NO. 1:20-cv-484 |
| EDWARD DELONE, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Prince McCoy, Sr., an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, brings this lawsuit pursuant to 42 U.S.C. § 1983.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff asserts a myriad of allegations regarding at least thirty-five occasions during the years 2019 and 2020 on which he complained to medical staff that his blood sugar was low and he alleges he was denied adequate medical treatment for his hypoglycemia. *See* Plaintiff's Amended Complaint (doc. 68). Plaintiff notes that the defendants were monitoring his blood sugar levels every day, but complains it was not always three times a day and he was not always given medication to treat his low blood sugar. Additionally, Plaintiff notes one occasion on which he was told he could not get his blood sugar tested when he arrived past the hospital hours. Plaintiff complains that the Defendants are not following the policies for the treatment of hypoglycemia.

On February 10, 2020, Plaintiff claims he spoke to Defendant Michael White about a filling in one of his teeth that had fallen out and about a cavity in another tooth. Plaintiff claimed he had submitted three sick call requests; however, Defendant White told him "I don't see a sick call for you. Submit another one." Plaintiff claims he submitted another sick call request and received an appointment for February 12, 2020. Plaintiff claims he was seen by Defendant Rachel Anderson

who looked at the damaged filling. Plaintiff claims he then told her about the cavity also and Anderson replied: "You have to pick one that we will fix today." Plaintiff claims he chose the damaged filling. After the tooth was x-rayed, Plaintiff claims Defendant Anderson told him it did not look bad. When Plaintiff questioned whether she was going to repair his filling the same date he was told no.

Plaintiff asserts that he was seen again by Defendants Michael White and Rachel Anderson on February 19, 2020 pertaining to a cavity and damaged filling. When Plaintiff complained about pain associated with the teeth he states he was told: "You're scheduled to have it fixed." Plaintiff then requested to have it fixed that day and was told: "I could pull them both for you today." Plaintiff refused and was told he would have to wait for treatment. On June 1, 2020, Plaintiff states he was again seen by Defendants White and Anderson, and he was told that, due to COVID-19 protocol, only urgent and emergent treatment could be provided. He was informed that if his tooth was causing pain and discomfort, the tooth could be removed, but he refused the extraction.

On June 24, 2019, Plaintiff claims he injured his hand while allegedly attempting to defend himself, was suffering the effects of a chemical agent, and he had a stab wound in his leg. Plaintiff claims Defendant Jessica Awbrey refused to render adequate medical treatment on that occasion. On June 25, 2019, Plaintiff states he was again seen by medical staff for his injured hand, and the nurse documented that he was in an altercation with another offender but that he was able to make a fist with reports of discomfort. Plaintiff claims he was next seen by Dr. George Miller on July 9, 2019 and was diagnosed with a contusion of wrist and hand.

Plaintiff also complains that he submitted numerous sick call requests and grievances making administrators aware of the above allegations, but they failed to adequately investigate and resolve his complaints and grievances.

## Pending Motions

Pending before the court are a Motion to Dismiss by the Defendants (doc. #73), a Motion to Re-Urge her Motion to Dismiss by Defendant Jennifer Caldwell (doc. #75), and a Motion to Re-Urge

her Motion to Dismiss by Defendant Katherine Pete (doc. #77). The Defendants assert that Plaintiff's complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6). Additionally, the Defendants' Motions assert that Plaintiff's claims against them in their official capacities are without merit. Further, the Defendants assert that Plaintiff has failed to meet the threshold showing for deliberate indifference, and they are entitled to qualified immunity.

## Standard of Review

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id.* Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 570). The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plaintiffs must state enough facts to "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. 544, 570.

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim. *Id.*

### *Qualified Immunity*

The doctrine of qualified immunity affords protection to officials against individual liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (*quoting Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). Qualified immunity shields government officials "from civil damages liability as long as their actions could reasonably

have been thought consistent with the rights they are alleged to have violated." *Fraire v. Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992), *citing Anderson v Creighton*, 483 U.S. 635, 638 (1987).

Federal courts have traditionally used a two-step test to determine whether defendants are entitled to qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Freeman v. Texas Dep't of Criminal Justice*, 369 F.3d 854, 863 (5th Cir. 2004). First, the court must consider whether "the facts alleged show the officer's conduct violated a constitutional right." *Id.* Second, if a constitutional right was violated, the court must decide whether the right was clearly established at the time of the violation. *Id.* "For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent.'" *Hope*, 536 U.S. at 739 (*quoting Anderson v. Creighton*, 483 U.S. 635, 640 (1987), *internal citations omitted)*. "[A] state actor is entitled to qualified immunity if his or her conduct was objectively reasonable in light of the legal rules that were clearly established at the time of his or her actions." *McClendon v. City of Columbia*, 305 F.3d 314 (5th Cir. 2004). A plaintiff must prove that the officer's actions were objectively unreasonable within that legal context. *See Saucier*, 533 U.S. at 206; *Hare v. City of Corinth*, 135 F.3d 320, 326 (5th Cir. 1998). The Supreme Court held that the rigid structure of *Saucier* is no longer required and that the "judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in the light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Analysis

*Elements of a Cause of Action under 42 U.S.C. § 1983*

Title 42 U.S.C. § 1983 authorizes a suit in equity, or other proper proceeding for redressing violations of the Constitution and federal law by those acting under color of state law. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). It provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.

*Eleventh Amendment Immunity*

In his complaint, Plaintiff sued the Defendants in their individual capacities. However, to the extent that Plaintiff's Complaint may be interpreted as asserting claims against the Defendants in their official capacities, the Defendants move for dismissal under Rule 12(b)(1) based on Eleventh Amendment Immunity.

Sovereign immunity prohibits "private suits against nonconsenting states in federal court." *See City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019), *cert. denied*, 141 S.Ct. 1047 (2021). The Eleventh Amendment provides that the State of Texas, as well as its agencies, are immune from liability. *Kentucky v. Graham,* 473 U.S. 159, 167 (1985); *Lewis v. University of Texas Medical Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011) (UTMB is immune from suit); *Harris v. Angelina County, Texas*, 31 F.3d 331, 337 n.7 (5th Cir. 1994) (TDCJ is immune from suit). The Eleventh Amendment bars claims against a state brought pursuant to 42 U.S.C. § 1983. *Aguilar v. Texas Dept. of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). In *Will v. Michigan Department of State Police,* 491 U.S. 58, 71 (1989), the Supreme Court held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." The Supreme Court upheld the dismissal of the Michigan Department of State Police and its Director sued in his official capacity. *Id.* The Fifth Circuit has accordingly "held that the Eleventh Amendment bars recovering § 1983 money damages from [state] officers in their official capacity." *Oliver v. Scott,* 276 F.3d 736,

5

742 (5th Cir. 2002). This immunity extends to lawsuits for injunctive relief as well as for monetary damages. *Cozzo v. Tangipahoa Par. Council-President Gov't*, 279 F.3d 273, 280-81 (5th Cir. 2002). Here, as the Eleventh Amendment bars recovery regarding Plaintiff's claims against the Defendants in their official capacities, the Defendants' motions to dismiss should be granted.

*Medical Care*

As stated above, Plaintiff asserts a myriad of allegations regarding at least thirty-five occasions during the years 2019 and 2020 on which he complained to medical staff that his blood sugar was low and he alleges he was denied adequate medical treatment. Additionally, Plaintiff complains of the alleged inadequate treatment received for an injury to his thumb. Further, Plaintiff complains of alleged inadequate dental care he received for a filling in one of his teeth that had fallen out and a cavity in another tooth.

Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment, whether the indifference is manifested by prison doctors or by prison guards in intentionally denying or delaying access to medical care. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind. *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1999). To satisfy the exacting deliberate indifference standard, a defendant's conduct must rise "to the level of egregious intentional conduct." *Gobert v. Caldwell*, 463 F.3d 339, 351 (5th Cir. 2006).

The United States Supreme Court has adopted "subjective recklessness as used in the criminal law" as the appropriate definition of deliberate indifference under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839-40 (1994). Under this definition, a prison official cannot be found liable under the Eighth Amendment unless the official knows of and disregards an excessive risk to inmate health or safety. The official must both be aware of facts from which the inference

could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Farmer*, 511 U.S. at 837. Under exceptional circumstances, a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of the substantial risk. *Id*; *Reeves v. Collins*, 27 F.3d 174 (5th Cir. 1994). Medical records of sick calls, examination, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *See Varnado v. Lynaugh*, 920 F.2d 320 (5th Cir. 1991).

Plaintiff's allegations fail to state a claim upon which relief may be granted. A review of the Complaint and documents attached reveals Plaintiff's complaints to staff were not ignored.[1] Instead, Plaintiff's Complaint and attachments show he received care and treatment for all of his complaints. While Plaintiff may not have received the exact medication or treatment he would have preferred, Plaintiff received care for his complaints and was even offered alternative treatments to resolve all of his complaints including his low blood sugar, dental needs, and injury to his hand. For example, the Defendants tested Plaintiff's blood sugar levels when he was complaining of low blood sugar and they offered alternate methods of achieving a desirable blood sugar level such as eating a peppermint stick or eating a sandwich. Further, when COVID-19 restrictions prohibited dental staff from providing restorative treatment, Plaintiff was offered an extraction of the problem teeth to alleviate the pain. Finally, Plaintiff's attached medical records show he was examined in the prison infirmary on June 24, 2019. Plaintiff denied any injuries or respiratory difficulty and no visible injuries or signs of respiratory distress related to the use of chemical agents were noticed by medical personnel.

Plaintiff's disagreement with the course of treatment provided by the Defendants and his insistence that he should have received additional treatment is not sufficient to show deliberate indifference. At most, Plaintiff's allegations constitute nothing more than negligence or a disagreement with medical professionals over the proper course of treatment. Negligence does not constitute a violation of the Eighth Amendment. Unsuccessful medical treatment, acts of negligence

---

[1] A court ruling on a motion to dismiss may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotations marks omitted).

or medical malpractice, and disagreements as to diagnosis or treatment do not constitute deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). Further, dissatisfaction with medical treatment or diagnosis does not constitute "deliberate indifference" to a serious medical need and does not rise to the level of the denial of a constitutional right. *Gamble*, 429 U.S. at 106; *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

Plaintiff has failed to show the Defendants were aware of a substantial risk of serious harm and failed to take measures to abate the risk. Plaintiff's allegations fail to rise to the egregious level required to state a claim under the Eighth Amendment. Further, Plaintiff has failed to allege any harm suffered as the result of the Defendant's actions. Accordingly, Plaintiff's complaint fails to state a claim upon which relief may be granted against the Defendants.

*Grievances*

Plaintiff also complains that he submitted numerous sick call requests and grievances making administrators aware of the above allegations, but they failed to adequately investigate and resolve his complaints and grievances. However, inmates do not have a constitutionally protected liberty interest in having their complaints resolved to their satisfaction, and so there is no constitutional violation when prison officials fail to do so. *See Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir.2005) ("Geiger does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As Plaintiff relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."). Accordingly, Plaintiff's grievance and due process claims against the Defendants fail to state a claim upon which relief may be granted.

*Violations of Prison Policy*

Plaintiff also claims the Defendants violated prison rules or policies. Plaintiff's claims, however, fail to state a claim upon which relief may be granted. The Defendants' failure to follow prison regulations, rules or procedures does not rise to the level of a constitutional violation. *Stanley*

8

*v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). Accordingly, Plaintiff's claims are without merit and should be dismissed.

Finally, as Plaintiff has failed to establish a constitutional violation with respect to any of his claims, the Defendants are entitled to qualified immunity. Therefore, the Defendants' Motions to Dismiss should be granted.[2]

## Supplemental Jurisdiction

In accordance with 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. Thus, to the extent plaintiff's complaint may be liberally interpreted as asserting state law claims, supplemental jurisdiction should be declined in this action.

## Recommendation

The Defendants' Motions to Dismiss should be granted, and the above-styled action should be dismissed with prejudice for failing to state a claim upon which relief may be granted. Additionally, the exercise of supplemental jurisdiction should be declined.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *See Douglass v. United*

---

[2] Any unserved officials are entitled to the benefit of the appearing defendants' defense asserted in a favorable dispositive motion establishing plaintiff has no cause of action. *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001); *McCarty v. Zapata County*, 243 F. App'x 792 at *2 (5th Cir. 2007); *Salter v. United States*, 2010 WL 796588 (E.D. Tex. Mar. 8, 2010). Thus, the Complaint should also be dismissed as to any unserved defendants in this case.

*Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fᴇᴅ. R. Cɪᴠ. P. 72.

**SIGNED this the 23rd day of February, 2023.**

*[signature]*
_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE